

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00344-CR

**IN RE** Kevin Lamar **JOHNSON**

Original Mandamus Proceedings[1]

PER CURIAM

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed: June 19, 2013

PETITION FOR WRIT OF MANDAMUS DENIED AS MOOT

On May 31, 2013, relator filed a pro se petition for writ of mandamus in which he asserts he has filed various motions requesting DNA/Latent Fingerprint Testing pursuant to Texas Code of Criminal Procedure 64.01, a motion for summary judgment, and a motion for appointment of counsel on June 16, 2010, January 19, 2011, and May 12, 2011. Relator asserts he wrote to the trial court on May 2, 2011, June 17, 2011, May 14, 2012, September 28, 2012, and January 24, 2013, asking about the status of his motions, but he has received no response. Relator asks this court to compel the district clerk to provide him with notice of receipt of his motions and compel the trial court to rule on his motions. We have no mandamus jurisdiction over a district clerk unless the issuance of the writ is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d

---

[1] This proceeding arises out of Cause No. 2002CR4779, styled *State of Texas v. Kevin Lamar Johnson*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip A. Kazen, Jr. presiding.

691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Relator has not established that the writ he is requesting is necessary to enforce our jurisdiction. Therefore, we DENY relator's request that we issue a writ of mandamus against the district clerk.

However, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). On June 6, 2013, respondent filed a response to relator's petition, stating that the trial court has now appointed relator an attorney to represent relator in connection with his motions for post-conviction DNA testing. Accordingly, the petition for writ of mandamus is DENIED AS MOOT. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish